**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

**Maxfield Alton Sussman,**
Plaintiff,

v.

Deputy Joshua T. Miller, in his individual capacity;
Sergeant Uriah Cain Speight, in his individual capacity; and
Deputy Jeremy Miller, in his individual capacity,

Defendants.

```
F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 13 2026

JEFFREY P. COLWELL
                    CLERK
_____
```

---

**PLAINTIFF'S MOTION TO RESTRICT PUBLIC ACCESS
TO PLAINTIFF'S RESIDENTIAL ADDRESS
PURSUANT TO D.C.COLO.LCivR 7.2**

---

Plaintiff Maxfield Alton Sussman, pro se, respectfully moves this Court under D.C.COLO.LCivR 7.2 for an Order restricting public access to Plaintiff's residential address as that information appears in the contemporaneously filed Complaint, Civil Cover Sheet, and Summonses, and for related relief regarding future filings in this action. In support, Plaintiff states as follows:

## I. INTRODUCTION

1. Plaintiff brings this civil-rights action under 42 U.S.C. § 1983 and C.R.S. § 13-21-131 against three individual-capacity Fremont County Sheriff's Office defendants, arising from a May 19, 2024 warrantless arrest, judicial deception in the charging documents, retaliation for protected First Amendment activity, and related constitutional violations. The Complaint and accompanying filings necessarily disclose Plaintiff's residential address in the Rule 11(a) signature block, on the Civil Cover Sheet, and on the three Summonses.

2. Plaintiff seeks Restricted Access Level 1 under D.C.COLO.LCivR 7.2(b)(1) — limiting access to the Court and the parties (and their counsel of record) — solely as to the discrete content of Plaintiff's residential address. Plaintiff does not seek to restrict the Complaint itself, the Civil Cover Sheet itself, any allegation, any party identity, any substantive case

content, or any other document or category of information. The public retains full access to all substantive content of this litigation.

3. Plaintiff makes this Motion concurrent with the filing of the Complaint to minimize the window of public exposure of Plaintiff's residential address, consistent with the Tenth Circuit's recognition that the timing and scope of restriction requests bear on whether the requested relief is narrowly tailored. *See JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014).

## II. THE SPECIFIC INFORMATION SOUGHT TO BE RESTRICTED

4. Plaintiff seeks Restricted Access Level 1 as to the following specific content within the contemporaneously filed documents:

   a. The street address, city, state, and ZIP code that appear in the signature block on page 80 of the Complaint;

   b. The street address, city, state, and ZIP code that appear in the "I. (a) Plaintiffs" address field on the Civil Cover Sheet (JS-44); and

   c. The street address, city, state, and ZIP code that appear as the Plaintiff's address on the three Summonses (Form AO-440), one for each Defendant.

   d. The street address, city, state, and ZIP code that appear in the signature block on page 7 of this Motion.

5. Plaintiff submits concurrently a proposed redacted version of each of the foregoing documents (attached as Exhibits A through F), with Plaintiff's residential address redacted but Plaintiff's telephone number, email address, name, and signature preserved. Plaintiff requests that, upon granting this Motion, the Court direct the Clerk to substitute the redacted versions for the originals on the public docket and to maintain the originals under Restricted Access Level 1.

### III.  THE INTEREST TO BE PROTECTED

6. Plaintiff seeks restriction to protect Plaintiff's personal safety, the safety of Plaintiff's residence, and the effectiveness of Plaintiff's ongoing efforts to document an established pattern of intrusive conduct directed at Plaintiff's residence.

7. Plaintiff has been the subject of a documented ongoing pattern of harassment, intimidation, and intrusive surveillance at Plaintiff's residence. This pattern has been captured by Plaintiff's home security video recording system on multiple occasions, including incidents within the seven (7) days immediately preceding the filing of this action. Plaintiff has preserved the original video files with intact timestamps and metadata, and the footage is available for *in camera* review by the Court if it would assist in the determination of this Motion.

8. The Defendants in this action are local law enforcement officers employed by the Fremont County Sheriff's Office. The Complaint alleges that Defendants have engaged in retaliatory conduct against Plaintiff for Plaintiff's exercise of First Amendment-protected activity, including documented written federal-civil-rights litigation notices sent to Defendant Joshua T. Miller individually on February 20, 2024 and again on May 3, 2024 — eighty-nine (89) and sixteen (16) days, respectively, before the May 19, 2024 warrantless arrest that gives rise to Plaintiff's Fourth Amendment, First Amendment, and Fourteenth Amendment claims. *See* Compl. ¶¶ 51A–51K.

9. The Defendants reside or work in Fremont County, the same county as Plaintiff. The geographic proximity, combined with the retaliatory pattern pleaded in the Complaint and the ongoing documented intrusive conduct at Plaintiff's residence, creates a particularized and continuing risk that public disclosure of Plaintiff's residential address on the PACER docket would facilitate further retaliatory or intrusive conduct directed at Plaintiff's residence.

10. Plaintiff has been diagnosed by treating medical professionals with Post-Traumatic Stress Disorder, Generalized Anxiety Disorder, and Conversion Disorder. These conditions are clinically exacerbated by threats to personal safety and by intrusive conduct at Plaintiff's residence. Public disclosure of Plaintiff's residential address on a heavily-monitored

federal docket would meaningfully increase Plaintiff's exposure to symptom-triggering events.

11. The risk identified is not speculative. The Complaint documents Defendant Joshua T. Miller's prior personal service of a protection order on Plaintiff at Plaintiff's residence (Compl. ¶¶ 51A–51B), establishing that at least one Defendant has direct knowledge of Plaintiff's residential location independent of any public docket. The risk that this Motion addresses is not exposure to the named Defendants — who already know where Plaintiff lives — but exposure to third parties acting in concert with, or in support of Defendants' alleged conduct, or in retaliation for Plaintiff's protected reporting activity, including individuals who have contributed to the ongoing pattern of harassment against Plaintiff and who would learn Plaintiff's address only through public PACER access.

## IV.  THE INTEREST OVERCOMES THE PRESUMPTION OF PUBLIC ACCESS

12. Federal courts recognize a strong common-law presumption of public access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978). This presumption may be overcome where a party demonstrates that a specific interest in restriction outweighs the public interest in disclosure of the particular content at issue. *See United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013); *JetAway Aviation*, 754 F.3d at 826 (party seeking restriction must "articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process").

13. The interest Plaintiff seeks to protect — personal safety and the safety of Plaintiff's residence in the face of a documented ongoing pattern of intrusive conduct, in an action against law enforcement defendants who reside in the same county — is a "real and substantial interest" within the meaning of *JetAway*. Federal courts have recognized that personal safety, harassment-avoidance, and protection from retaliation can constitute sufficient interests to overcome the presumption of public access where the requested restriction is narrowly tailored to the specific information creating the risk. *See, e.g., Doe v. Pub. Citizen*, 749 F.3d 246, 273–74 (4th Cir. 2014) (recognizing personal safety as basis for

restriction); *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997) (safety concerns can overcome presumption).

14. The restriction Plaintiff seeks is the minimum necessary to protect the interest identified. Plaintiff does not seek to restrict any allegation, any party name, any claim, any defense, any docket entry, any order, any transcript, any hearing, or any substantive content. The public retains complete access to the operative pleadings, motions, briefing, evidence, and adjudicative content of this litigation. Only Plaintiff's residential address — which has no probative value as to any issue in this case and serves only the administrative purpose of Rule 11(a) compliance — is sought to be restricted.

15. The administrative purpose served by disclosure of a Plaintiff's address on the public docket (i.e., enabling service of process by opposing parties and enabling court communications) is fully preserved by Restricted Access Level 1, which provides access to the Court and the parties while restricting access from the broader public.

## V. NO PRACTICABLE ALTERNATIVE TO RESTRICTION

16. Plaintiff has considered less-restrictive alternatives:

    a. Use of a Commercial Mail Receiving Agency ("CMRA") address. Plaintiff's filing-deadline constraints precluded establishing a CMRA arrangement prior to the filing of this action. Plaintiff intends to establish a CMRA arrangement promptly and will file a Notice of Change of Address upon doing so, but in the interim Plaintiff's actual residential address is the only address at which Plaintiff can receive court-related mail. As of the date of this Motion, Plaintiff has no practicable alternative address for Rule 11(a) purposes.

    b. Submission of an address-only restricted notice with an unredacted Complaint. This alternative is inadequate because Plaintiff's residential address must appear in the Rule 11(a) signature block of the Complaint, in the Civil Cover Sheet, and on the three Summonses, all of which are part of the case-opening filing package. Restriction at the document level, limited to the discrete content of the address, is

the narrowest available approach that complies with the Federal Rules and Local Rules while protecting the interest at issue.

17. Plaintiff's proposed substitution of redacted versions of the affected documents (Exhibits A–E) for the originals provides the Court with a mechanism to maintain a fully public docket with no gap in the publicly accessible record, while protecting the specific information at issue.

## VI. CONFERRAL

18. Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff states that conferral with opposing parties is not practicable at this time because this Motion is filed contemporaneously with the Complaint and prior to service of process on any Defendant. Plaintiff has had no opportunity to confer with Defendants or their counsel because no Defendant has yet appeared or been served. The Motion is therefore filed without conferral as permitted under the Local Rules where conferral is impracticable.

## VII. RELATED RELIEF REGARDING FUTURE FILINGS

19. Plaintiff additionally requests that the Court direct that any future filing in this action by any party — including Plaintiff's filings, Defendants' filings, discovery responses, deposition transcripts, declarations, exhibits, and any other document — be filed with Plaintiff's residential address redacted from the public docket and provided, if at all, only at Restricted Access Level 1. This prospective relief ensures that the restriction granted herein is not inadvertently undermined by subsequent filings.

## VIII. REQUEST FOR PROVISIONAL RESTRICTION PENDING RULING

20. Recognizing that monitoring of new federal civil filings by docket-aggregation services occurs within minutes to hours of case opening on CM/ECF, Plaintiff respectfully requests that the Court grant provisional Restricted Access Level 1 to the Complaint, Civil Cover Sheet, and Summonses pending the Court's ruling on this Motion, so as to prevent the immediate dissemination of Plaintiff's residential address through docket-aggregation services during the pendency of this Motion. In the alternative, Plaintiff requests that the Court direct the Clerk to apply Restricted Access Level 1

provisionally under the Court's general supervisory authority over docket management. *See* D.C.COLO.LCivR 7.2(c) (Court may impose restriction sua sponte).

## IX. CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order:

A. Granting Restricted Access Level 1, pursuant to D.C.COLO.LCivR 7.2(b)(1), to:

    i. The signature block address content of the Complaint;

    ii. The Plaintiff-address content of the Civil Cover Sheet;

    iii. The Plaintiff-address content of each of the three Summonses (Form AO-440); and

    iv. The signature-block address content of this Motion;

B. Directing the Clerk to substitute the redacted versions of the foregoing documents (attached as Exhibits A through F) for the originals on the public docket, and to maintain the originals under Restricted Access Level 1;

C. Directing that any future filing in this action containing Plaintiff's residential address be filed with the address redacted from the public docket and provided only at Restricted Access Level 1;

D. Granting provisional Restricted Access Level 1 to the affected documents pending this Court's ruling on the Motion, or, in the alternative, directing the Clerk to apply such provisional restriction;

E. Maintaining the restriction granted herein throughout the pendency of this action and such period thereafter as the Court determines is necessary to protect the interest identified; and

F. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 12th day of May, 2026.

_Maxfield Alton Sussman_

Maxfield Alton Sussman
Plaintiff Pro Se
114 Sunset Trail
Cotopaxi, CO 81223
706-897-5899
maxs1983184@gmail.com

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff states that conferral with opposing parties is not practicable at this time because this Motion is filed contemporaneously with the Complaint and prior to service of process on any Defendant. No Defendant has yet appeared, been served, or had counsel enter an appearance, and there is therefore no opposing party or counsel with whom Plaintiff could confer.

_Maxfield Alton Sussman_

Maxfield Alton Sussman
Plaintiff Pro Se

Dated: 12th day of May, 2026