IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02065-RTG
(**The above civil action number must appear on all future papers
sent to the court in this action. Failure to include this number
may result in a delay in the consideration of your claims.**)

MAXFIELD ALTON SUSSMAN,

      Plaintiff,

v.

JOSHUA T. MILLER, Deputy, in his Individual Capacity,
URIAH CAIN SPEIGHT, Sergeant, in his Individual Capacity, and
JEREMY MILLER, Deputy, in his Individual Capacity,

      Defendants.

---

## ORDER

---

Plaintiff Maxfield Alton Sussman initiated this action *pro se* on May 13, 2026 by filing a Complaint (ECF No. 1) asserting claims against the Defendants pursuant to 42 U.S.C. § 1983 for violations of his federal constitutional rights. Plaintiff has paid the $405.00 filing fee. (*Id.*). Mr. Sussman has filed a Motion to Restrict Public Access to Plaintiff's Residential Address Pursuant to D.C.COLO.LCivR 7.2 (ECF No. 2).

The Court's local rules of practice regarding motions to restrict public access provide: "Unless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings." D.C.COLO.LCivR 7.2(a). A party seeking to restrict access must make a multi-part showing: (1) identify the specific document for which restriction is sought; (2) identify the

interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access— such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)–(4). D.C.COLO.LCivR 7.2(c). There are three levels of restriction: "Level 1 limits access to the parties and the court. Level 2 limits access to the filing party and the court. Level 3 limits access to the court." D.C.COLO.LCivR 7.2(b).

Local rule of practice 7.2 recognizes that there is a presumptive right of public access to court filings and proceedings.

> "Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, that presumption is not absolute and may be rebutted "if the public's right of access is outweighed by competing interests." *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)). To overcome the presumption in favor of public access, "the party seeking to seal records must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Id.* (internal quotation marks and citation omitted). It is within the district court's discretion to determine whether a particular court document should be restricted. *Mann*, 477 F.3d at 1149.

*Doe v. Maloit*, No. 24-cv-02383-PAB, 2024 WL 5469949, at *2 (D. Colo. Nov. 14, 2024).

In support of the Motion to Restrict Access to his residential address, Mr. Sussman states that he is at risk of harm from "third parties acting in concert with, or in support of Defendants' alleged conduct, or in retaliation for Plaintiff's protected reporting activity, including individuals who have contributed to the ongoing pattern of harassment

against Plaintiff and who would learn Plaintiff's address only through public PACER access." (ECF No. 2 at 4).

The Court finds that Mr. Sussman's argument for restricted access does not show a sufficiently significant interest to overcome the strong presumption of public access. Mr. Sussman does not allege specific facts to demonstrate a real danger of physical harm if he is required to disclose his residential address in the Complaint and his other court filings, as required by Fed. R. Civ. P. 11(a). Mr. Sussman's belief that unidentified third parties may harm him because of the civil rights claims he asserts against the Defendants in this action, all of whom are law enforcement officers with the Fremont County, Colorado, Sheriff's Office, are based on speculation and conjecture, rather than concrete facts.

Based on the Court's weighing of the public and private interests involved, the Motion to Restrict Public Access to Plaintiff's Residential Address Pursuant to D.C.COLOLCivR 7.2 (ECF No. 2), filed on May 13, 2026, will be denied without prejudice. Mr. Sussman may file a motion to restrict or redact a specific filing in the future, consistent with the Local Rules. See D.C.COLO.LCivR 7.2.

Accordingly, it is

ORDERED that the Motion to Restrict Public Access to Plaintiff's Residential Address Pursuant to D.C.COLO.LCivR 7.2 (ECF No. 2), filed on May 13, 2026, is DENIED WITHOUT PREJUDICE.

Dated May 15, 2026.

BY THE COURT:

_____
Richard T. Gurley
United States Magistrate Judge