IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-02065-MDB

---

MAXFIELD ALTON SUSSMAN,

Plaintiff,

v.

DEPUTY JOSHUA T. MILLER, in his individual capacity;
SERGEANT URIAH CAIN SPEIGHT, in his individual capacity; and
DEPUTY JEREMY MILLER, in his individual capacity,

Defendants.

---

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY (ECF NO. 31)

Plaintiff Maxfield Alton Sussman respectfully submits this response in opposition to Defendants' Motion to Stay Discovery, ECF No. 31.

## INTRODUCTION

1. Defendants ask the Court to "stay all further proceedings and discovery in this matter until such time it rules on their dispositive motion." ECF No. 31 at 9. The stay orders they cite for the qualified-immunity proposition each stayed discovery.

2. Several of the decisions Defendants rely on involved a feature this case lacks. There is no entity defendant. Each of the three Defendants is sued in his individual capacity only, and the claims to which qualified immunity is no defense — the Fourth, Fifth and Ninth Claims, brought under C.R.S. § 13-21-131 — name only individual Defendants. The concern that animates *Ashcroft v. Iqbal* and the decisions applying it — that discovery will proceed against a party who cannot claim immunity and draw in one who can — has no application where there is no other party.

3. Plaintiff respectfully asks the Court to apply the five-factor standard it has applied before, and to deny the motion.

**I. THE GOVERNING STANDARD**

4. Courts in this District weigh: (1) the plaintiff's interests in proceeding expeditiously and the potential prejudice of delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

5. A stay is not warranted merely because a dispositive motion has been filed. *Barrington v. United Airlines, Inc.*, 565 F. Supp. 3d 1213, 1217 (D. Colo. 2021).

6. This Court has twice held that an assertion of qualified immunity does not by itself compel a stay. *McGinn v. El Paso County*, 640 F. Supp. 3d 1070, 1076 (D. Colo. 2022) ("the Court declines to stay discovery based on the invocation of qualified immunity alone"); *Sgaggio v. Diaz*, No. 22-cv-02043-PAB-MDB, 2023 WL 22188, at *1 (D. Colo. Jan. 3, 2023) ("the Court will not grant a stay simply because a defendant has filed a motion to dismiss or made qualified immunity arguments"); *id.* at *4 n.2 ("A stay is not automatically warranted every time a defendant raises qualified immunity."). *Accord Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *6 (D. Colo. Feb. 25, 2021).

7. This July, the judge who decided *Cook* addressed the contention directly. In *James v. Rennison*, No. 26-cv-02160-PAB-TPO, 2026 WL 1980781 (D. Colo. July 9, 2026), the defendants "suggest[ed] that their potential immunity automatically entitles them to a stay of proceedings, making application of the *String Cheese* factors unnecessary." *Id.* at *3 n.3. The court answered: "The Court rejects this contention and will analyze defendants' potential immunity in the context of the *String Cheese* factors." *Id.*

## II. THE DECISIONS DEFENDANTS RELY ON ARE DISTINGUISHABLE

### A. Several arose where an entity defendant could not assert immunity.

8. The rationale Defendants invoke comes from *Iqbal*, as decisions in this District quote it: "[i]t is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants." *Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *2 (D. Colo. Mar. 15, 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009)). The concern is that an immune defendant will be drawn into another party's discovery.

9. In *Lucero v. City of Aurora*, No. 1:23-cv-00851-GPG-SBP, 2023 WL 5957126 (D. Colo. Sept. 13, 2023), the other party was the City of Aurora, against which a *Monell* claim was pending. The court's reasoning is stated in those terms: "If discovery were to proceed only against the City on the *Monell* claim, for example, Mr. Silberman's alleged conduct would remain front and center." *Id.* at *4. And again: discovery "inextricably intertwined with Mr. Silberman's alleged conduct, whether the claim is brought against Mr. Silberman personally or the City — should be stayed." *Id.* at *6.

10. *Griffith v. El Paso County*, No. 21-cv-00387-CMA-NRN, 2022 WL 20286303 (D. Colo. Nov. 2, 2022), another decision from this District, is the same: "a stay of all discovery, including discovery related to Defendant El Paso County, is warranted. Proceeding with discovery on Plaintiff's municipal liability claim would likely mean the individual Defendants would have to sit for depositions or answer written discovery." *Id.* at *2.

11. *Sgaggio* likewise involved a municipal defendant. 2023 WL 22188, at *3 (Defendants argued "the *Monell* claim against the City fails"). So did *Cook*, where the objection overruled was that a stay reached defendants who "are not entitled to qualified immunity." 2021 WL 981308, at *2.

12. There is no entity defendant in this action. Each Defendant is sued in his individual capacity. The *Iqbal* problem those decisions addressed is absent, and the protection qualified immunity affords is correspondingly narrower. *See Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) ("because the defense of qualified immunity is limited to particular claims against particular individuals, the corresponding protection against burdensome discovery is also limited").

**B. Sgaggio turned on an assessment of the pending motion that this District's decisions decline to make.**

13. The second factor supported a stay in *Sgaggio* "because of the apparent strength of the pending motion (which the Court only preliminarily assesses) and the fact that Defendants' motion could be entirely dispositive." 2023 WL 22188, at *5.

14. No such assessment is required, and the decisions of this District decline to make one. *James*, 2026 WL 1980781, at *3 ("The Court finds that taking a 'preliminary peek' at defendants' motion to dismiss is inappropriate."); *id.* at *2 ("Contrary to plaintiff's assertion, courts in this district often refuse to take a preliminary peek at the relevant dispositive motion when ruling on a motion to stay," collecting *Young*, *Lucero*, *Growcentia*, *Thakuri* and *Cook*); *id.* (quoting *Cook*, 2021 WL 981308, at *2: "no element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case").

**C. Estate of Deweese rested on a record this case does not present.**

15. *Estate of Deweese v. Hancock*, No. 24-cv-00960-DDD-NRN, 2024 WL 4333366 (D. Colo. Sept. 27, 2024), weighed the first factor against the plaintiff because an estate "has less of an interest in proceeding expeditiously" than a living plaintiff. *Id.* at *4. Plaintiff here is the person alleged to have been injured, and he is proceeding pro se.

16. The *Deweese* court also found the risk of evidentiary loss slight because the events "were extensively documented by body cameras, a third-party video, and presumably contemporaneous law enforcement reports." *Id.* That premise does not hold here, on Defendants' own exhibit. Sergeant Speight's supplemental report, filed as Exhibit B to the Motion to Dismiss, states: "I pressed my camera record button on my phone, but it failed to record due to not logging into the Visual Labs application earlier in the shift as I normally do." ECF No. 30-1 at 3. Defendants' motion describes the body-worn-camera footage it submits as "depicting the entirety of the arrest and conversation with Plaintiff," and on the same page acknowledges "a lull in the audio recording of body worn camera footage." ECF No. 28 at 8. The Complaint alleges that the audio on that camera was muted for approximately eight and one-half minutes. ECF No. 1, ¶ 25D.

17. *Deweese* further reasoned that if the federal claims were dismissed on immunity grounds, the court "will almost certainly decline to exercise supplemental jurisdiction over the remaining state claim or claims." *Deweese*, 2024 WL 4333366, at *4. *Lucero*, which Defendants also cite, declined to rest on that ground. It described the supplemental-jurisdiction question as "that attenuated jurisdictional issue" and declined to treat it as "a persuasive basis for staying discovery." 2023 WL 5957126, at *6 n.8.

**D. The remaining authorities.**

18. The three decisions cited at page 4 for the proposition that partial discovery "is not a permissible alternative" were not opposed. *Lincoln v. Maketa*, No. 15-cv-00423-CMA-KMT, 2015 WL 3413271, at *2 (D. Colo. May 28, 2015) ("Plaintiffs do not oppose the Motion to Stay."); *Gale v. Jacob*, No. 15-cv-00347-WJM-KMT, 2015 WL 3862686, at *1 (D. Colo. June 22, 2015) ("Plaintiff did not file a response."); *Ingram v. Clements*, No. 14-cv-01024-REB-KMT, 2015 WL 1598052, at *1 (D. Colo. Apr. 8, 2015) (same). So was *Handy v. City of Aurora*, No. 24-cv-03082-DDD-CYC, 2025 WL 1939556, at *2 (D. Colo. July 15, 2025), where the plaintiff filed no response.

19. *Thompson v. Williams*, No. 21-cv-00602-RM-KMT, 2021 WL 4748663 (D. Colo. Oct. 12, 2021), cited at page 4, involved no state-law claim. The claims not subject to immunity there were official-capacity claims and the same Eighth Amendment claims pleaded for injunctive relief. *Id.* at *6.

20. *Sergent v. Ulrich*, No. 21-cv-00556-CMA-NRN, 2021 WL 12229218 (D. Colo. Nov. 8, 2021), cited at page 6, rested on a motion to dismiss asserting, among other things, sovereign immunity under the Colorado Governmental Immunity Act, and the plaintiff there filed no response. *Id.* at *1–*2. *Auto-Owners Insurance Co. v. Summit Park Townhome Association*, 100 F. Supp. 3d 1099, 1105 (D. Colo. 2015), cited at page 4, is an insurance-coverage dispute stayed pending appraisal; the phrase "qualified immunity" does not appear in it. Nor are *Adams v. Wiley*, *Commonwealth Property Advocates*, *Martinez v. Caggiano*, *Rivera v. Littleton Housing Authority*, and *Edwards v. Zenimax Media* qualified-immunity cases. ECF No. 31 cites them at pages 5 through 8.

## III. THE FACTORS

### A. Plaintiff's interest in proceeding, and the prejudice of delay.

21. In *Sgaggio*, this Court weighed the first factor against a stay for a pro se plaintiff: "the Court draws several inferences in Mr. Sgaggio's favor and weighs this factor against the imposition of a stay." 2023 WL 22188, at *4. Plaintiff here is likewise pro se.

22. This action was filed on May 13, 2026 and concerns events of May 19, 2024. As of this filing, no scheduling order has been entered, and the relief Defendants seek would defer one until their motion to dismiss is decided.

**B. The burden on Defendants, and the limit of that burden.**

23. *Lucero* holds that no showing of an "extraordinary or unique burden" is required where qualified immunity has been asserted. 2023 WL 5957126, at *8. That holding is stated as to "a stay of discovery." *Id.* It does not address a stay of all proceedings.

24. The burden Defendants describe is a discovery burden. They state that "Plaintiff may seek the production of various records, including ESI, personnel files, internal correspondence, and other documentation," and that Plaintiff "may also seek to depose Defendants, various on-scene witnesses, and other law enforcement officials." ECF No. 31 at 5–6. No part of that burden is imposed by the entry of a scheduling order or the conduct of a scheduling conference. The same is true of the non-party witnesses Defendants invoke, in a footnote, for the fourth factor. ECF No. 31 at 7–8 n.3. Nor is the motion to dismiss "purely legal," id. at 2; see id. at 6, 9. It asks the Court to find that the muted interval was a lawful tactical discussion, ECF No. 28 at 8, and that the body-worn-camera footage "does not depict" a refusal the Complaint alleges, id. at 8 n.5, and it disputes the Complaint's account of Sergeant Speight's report, id. at 12–13. Those are disputes of fact, not questions of law.

**C. The convenience to the Court.**

25. At the September 21, 2026 conference, the Court declined to set a deadline for a proposed scheduling order until this motion is resolved. ECF No. 32 at 2. Defendants' motion had not asked the Court to vacate that conference, and did not mention it.

26. A decision Defendants cite contemplated prompt scheduling notwithstanding the stay it entered: "[w]ithin three business days of the disposition of the pending Motions to Dismiss, to the extent there are any remaining claims, the parties SHALL CONTACT the chambers of this Magistrate Judge to set a Scheduling Conference." *Lucero*, 2023 WL 5957126, at *10.

**D. The public interest.**

27. Three of Plaintiff's nine claims arise under a statute the Colorado General Assembly enacted to remove qualified immunity as a defense to claims against peace officers. C.R.S. § 13-21-131(2)(b) ("Qualified immunity is not a defense to liability pursuant to this section."); *see Minter*, 2021 WL 735910, at *5 ("the Colorado legislature expressly repudiated qualified immunity in enacting Colo. Rev. Stat. § 13-21-131"). The public interest in the prompt adjudication of such claims weighs against deferring them on the strength of a defense the legislature made unavailable to them.

**IV. THE RELIEF REQUESTED EXCEEDS WHAT DEFENDANTS' AUTHORITIES GRANTED**

28. Defendants move "for an Order staying discovery and further proceedings" and ask the Court to "stay all further proceedings and discovery." ECF No. 31 at 1, 9. The stay orders they cite for the qualified-immunity proposition each stayed discovery. Among them:

• *Lucero*: "discovery in this matter is STAYED pending resolution of the Motions to Dismiss." 2023 WL 5957126, at *10.

• *Estate of Deweese*: "All discovery is STAYED until after Judge Domenico issues a final ruling on Defendants' Motion to Dismiss, ECF No. 26, or until further Order of Court." 2024 WL 4333366, at *6.

• *Thompson*: "Discovery in this matter is STAYED pending a final ruling on the 'Motion to Dismiss Amended Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).'" 2021 WL 4748663, at *7.

29. Relief of the breadth Defendants request carries its own standard. "Stays of all proceedings in a case are thus 'generally disfavored in this District' and are considered to be 'the exception rather than the rule.'" *James*, 2026 WL 1980781, at *2 (quoting *Davidson v. Bank of*

*America N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015)). *Davidson* itself frames the rule in terms of proceedings: "stays of the normal proceedings of a court matter should be the exception rather than the rule." 2015 WL 5444308, at *1. The Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances." *Id.* (quoting *Commodity Futures Trading Commission v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).

30. *James* did stay all proceedings. It did so where a preliminary injunction hearing was set twelve days out, where the immunity question would itself have been litigated at that hearing, and where the court found that "preparing for and attending a preliminary injunction hearing is a substantial burden on defendants." *James*, 2026 WL 1980781, at *1, *4. The court vacated that hearing and directed the defendants to file their immunity motion by a date certain. *Id.* at *5. No comparable proceeding has been set in this case; the only setting was the September 21 pre-scheduling conference. ECF No. 32.

31. Where movants in this District have asked to stay all proceedings on immunity grounds, courts have granted a stay of discovery instead. *Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *1, *3 (D. Colo. Feb. 22, 2016) (motion to stay all proceedings and discovery; "All discovery is stayed pending resolution of" the motions to dismiss; the scheduling conference vacated, to be reset if necessary afterward); *Benton v. Town of South Fork*, No. 12-cv-00336-CMA-KMT, 2012 WL 4097715, at *6 (D. Colo. Sept. 18, 2012) (motion to stay all proceedings and vacate the scheduling conference; "Discovery in this case is hereby STAYED pending resolution of" the motions to dismiss; the request to vacate denied as moot).

32. Qualified immunity protects against the burdens of discovery. *Rome*, 225 F.R.D. at 643 ("invocation of the defense is not a bar to all discovery").

## V. CERTAIN AUTHORITIES AS CITED

33. Plaintiff notes the following, which the Court may wish to verify:

(a) *Rainey v. Thorstad*, cited at page 5 as "2012 WL 5931743, at *1 (D. Colo. Aug. 14, 2012)" for the proposition that the Court must first balance Plaintiff's interest against Defendants' burden. The decision at that citation is dated October 29, 2012 and is a recommendation on a motion to dismiss. The word "stay" does not appear in it.

(b) *Woodall v. Godfrey*, cited at page 4 note 2 as "553 F.3d 249, 256-57 (Colo. App. 2024)." The decision is reported at 553 P.3d 249, 2024 COA 42. Its footnote 2 states: "We note that, in contrast to 42 U.S.C. § 1983 claims, qualified immunity is not available as a defense in claims brought under section 13-21-131(1)." 553 P.3d at 256 n.2.

(c) *Edwards v. Zenimax Media, Inc.*, cited at page 5 as "2012 WL 18098." The decision is reported at 2012 WL 1801981. Its first-factor holding rested on two grounds the parenthetical omits: that the plaintiff "allowed six years to pass" before filing suit, and "Defendants' representation that a litigation hold has been implemented." *Id.* at *2.

(d) *Feigenblatt-Blazquez v. City & County of Denver*, cited at page 3 note 1 for "a conflict among Colorado trial courts," identifies one: "To date, the Boulder County District Court case also appears to be the only written Colorado state court opinion addressing this topic." No. 1:23-cv-02973-SKC-STV, 2024 WL 3416320, at *4 (D. Colo. May 20, 2024). The question there arose on a motion to strike an affirmative defense to liability. It did not concern discovery.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Stay Discovery, ECF No. 31.

In the alternative, if the Court is inclined to grant relief, Plaintiff respectfully requests that any stay be limited to discovery and that a scheduling order be entered.

Respectfully submitted this 7th day of October, 2026.

/s/ Maxfield Alton Sussman
Maxfield Alton Sussman
Plaintiff, Pro Se
[Restricted Address on File with Court]
Telephone: 706-897-5899
Email: maxs1983184@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of October, 2026, I electronically filed the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY (ECF NO. 31) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Maxfield Alton Sussman
Maxfield Alton Sussman